CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 20 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| TROY DEWYON DREW, #1150163, | ) |
| | ) Civil Action No. 7:11cv00208 |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| FRED C. SCHILLING, et al., | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff Troy D. Drew, a Virginia prisoner proceeding pro se, filed this complaint which the court will construe as a request to file a new action pursuant to 42 U.S.C. § 1983. Pursuant to this court's order entered in the case Drew v. Young, No. 7:02cv00542 (W.D. Va. May 2, 2008), a pre-filing injunction has been issued against the plaintiff. Thus, plaintiff is required to seek leave of court to submit pleadings. Plaintiff has also requested to proceed in forma pauperis.

Pursuant to this court's order and pre-filing injunction, entered May 2, 2008, the court will only grant leave to plaintiff to submit properly filed pleadings that meet the following requirements: (i) in a civil rights action, he either pre-pays the filing fee or demonstrates that he is under imminent danger of serious physical harm; (ii) demonstrates that the court has jurisdiction to hear his claims; (iii) in any action, states claims that are not frivolous. Therefore, plaintiff may not proceed with this action unless he either prepays the $350.00 filing fee or demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither pre-paid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[1] the court dismisses his complaint without prejudice and denies his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 20/M day of May, 2011.

United States District Judge

---

[1] Plaintiff claims that defendant prison officials have failed to provide him with a diet suited to his "lactos intolerants...and gastroesphogeal reflux disease" (sic). (Dkt. 1, p. 2.) Plaintiff claims defendants' failure to provide an alternate diet containing foods which do not cause or worsen plaintiff's medical conditions constitutes cruel and unusual punishment. Plaintiff appears to further claim that the medications provided by the defendants are ineffective in treating his alleged condition stating, "the medical medications is non-active to these very medical causations." (Dkt. 1, Ex. 1, p. 2.) Plaintiff states he is filing this action under the imminent danger exception. He asserts that he suffers from "serious medical complications" as a result of not being provided with the correct diet, including abdominal pain, bloating, diarrhea, nausea, vomiting, cardiac pain and chest pain" (Dkt. 4, p. 1.)

However, plaintiff does not allege facts indicating that any of these conditions are life threatening or will have lasting health effects. Also, plaintiff does not explain what foods he claims he can or cannot eat, or what foods comprise his prison diet. He fails to explain why he cannot simply choose from among the foods served to avoid foods which irritate his alleged conditions. Moreover, it is clear from the documents submitted by the plaintiff, including his grievance forms, that the prison staff has provided him with medication and is monitoring his alleged condition.

Upon consideration of his allegations in his complaint, the court finds that plaintiff has not demonstrated that he is in imminent danger of serious physical harm or injury. Moreover, because the prison staff is monitoring and treating his condition with medications, plaintiff's allegations represent, at most, a claim of medical malpractice, and thus he fails to state any actionable claim under § 1983. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Pursuant to 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over any related state law claims.